Curia.

The statute makes the return of non est inventus the proper foundation for proceeding against tire bail. It would be injurious to creditors, and be the cause of much confusion, if that return were to be considered as open to question by the bail. In the case of Stevens vs. Bigelow, cited in the argument, we said that fraudulent conduct on the part of the judgment creditor might be shown in defence against him on the scire facias. Fraud, indeed, vitiates every thing, be it of never so solemn a nature — even a record, as the officer’s return may be considered to be. But the defendant has not alleged any fraud in this case.
The legislature have made abundant provision for the security of bail. Besides the provision which enables them to confine the principal until the return of the scire facias, and then to surrender him in discharge of their liability, a late statute authorizes them, at any time after executing the bail bond, and before final judgment upon scire facias, to commit him to the common jail, leaving with the keeper a copy of the process by which the arrest was made, and notifying the plaintiff of such commitment; and thus they are ever after to be discharged from the bail bond by them given. (5) It would seem that this liberal provision has given to bail sufficient, means of indemnity.

Plea adjudged bad.

 Stat. 1817, c. 146.